UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN JOSEPH GOOD

      Plaintiff,                        Civil Action No. 15-12064
                                        Honorable Avern Cohn
              v.                  Magistrate Judge Elizabeth A. Stafford

DENNIS HEYNS, *et al*.,

      Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART DEFENDANTS' MOTION TO SEVER AND DISMISS [R.
40], AND *SUA SPONTE* DISMISS CLAIMS SIX THROUGH ELEVEN**

## I.   INTRODUCTION

On June 5, 2015, Plaintiff Jonathan Joseph Good filed the instant

complaint against the following twenty-one defendants: Former Michigan

Department of Corrections ("MDOC") Director Daniel Heyns, Grievance

and Appeals Manager Richard Russell, St. Louis Correctional Facility

("SLF") Warden Steve Rivard, SLF Deputy Wardens Kelly Barnett and

Mark McCullick, SLF Grievance Coordinator Kathleen Parsons, SLF

Classification Director Julius Mayfield, SLF Hearings Investigator Lori Scott;

SLF Resident Unit Manager ("RUM") Bradley Peet, SLF Assistant Resident

Unit Supervisors ("ARUS") Barbara Finch and Wendi Walworth, SLF

Lieutenant (Lt.) Warren Rose, SLF Sergeant Jill Levy, SLF Corrections

Officers ("C/O") Michael Cerny and Ray Sholtz, SLF Athletic Director Eric Smith, SLF Librarian Jeremy Bugbee, SLF Library Assistant Dujuna VanDeCasteele, Alger Correctional Facility ("LMF") Warden Catherine Bauman, LMF Prison Counselor Jill Denman, and retired LMF RUM Tammy Lindemuth. [R. 1]. At all relevant times, Good was incarcerated at either the St. Louis Correctional Facility or the Alger Correctional Facility. [*Id.*, PgID 2]. Defendants now move the Court to sever and dismiss without prejudice all claims and defendants other than the initial claim and the defendants therein, based on misjoinder of parties and claims.

For the reasons set forth below, the Court **RECOMMENDS**[1] that the defendants' motion to sever [R. 40] be **GRANTED** in part and **DENIED** in part; that claims twelve through sixteen be dismissed without prejudice; and that claims six through eleven be dismissed *sua sponte* with prejudice.

## II.   ANALYSIS

Under Federal Rule of Civil Procedure 20(a)(2), multiple defendants may be joined in a single action if they meet the following criteria:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in

---

[1] The Honorable Avern Cohn referred all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b).  [R. 6].

2

the action.

The Court is mindful that "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966). At the same time, "unrelated claims by prisoners against different defendants belong in different lawsuits." *Townsend v. Rhodes*, No. 4:14-CV-10411, 2015 WL 5336630, at *3 (E.D. Mich. Sept. 14, 2015) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *George*, 507 F.3d at 607.  Although misjoinder does not warrant dismissal of an action, the Court may dismiss misjoined parties.  Fed. R. Civ. P. 21; *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988).

Defendants argue that the instant complaint is akin to *George v. Smith*. [R. 40, PgID 300]. In doing so, they briefly summarize Good's sprawling allegations, but make no effort to specifically analyze the relation, or lack thereof, between the defendants and claims to one another.  As set forth below, the Court finds that some of Good's claims are misjoined and should be dismissed.  Other claims should be dismissed because they fail as a matter of law.

3

### a. *Claims One through Five*

Claims one, two, three, four, and five all clearly arise from the same occurrence: C/O Cerny's allegedly false misconduct report against Good on June 27, 2013. [R. 1, PgID 7]. Claim one relates to a policy directive, PD 03.03.105, as implemented by Director Heyns, that allegedly violated Good's due process by facilitating false misconduct reports such as the one allegedly filed against him. [R. 1, PgID 6-7]. Claim two states that C/O Cerny authored the false misconduct report against Good in retaliation for Good's exercise of his First Amendment right to file a grievance. [*Id.*, PgID 7-9]. Claim three is based on C/O Cerny's and RUM Peet's actions during the hearing concerning the alleged false misconduct report. [*Id.*, PgID 9-13]. It also contains allegations against Hearing Investigator Scott relating to the investigation of the misconduct report. [*Id*]. Claim four alleges that Grievance Coordinator Parsons and Hearings Investigator Scott "aided and abetted [C/O] Cerny's initial retaliation" and "suppressed evidence" in the record of the hearing, and "sought to deter" Good's redress against C/O Cerny and appeal from RUM Peet's findings. [*Id.*, PgID 13]. Claim five lays out allegations against Deputy Warden McCullick regarding his adjudication of the appeal of the hearing. [*Id.*, PgID 15-16].

Thus, as it relates to Claims one to five, Defendants' motion to sever

should be denied.

### b. *Claims Six through Eleven*

The Court has an obligation under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to dismiss complaints *sua sponte* when they fail to state a claim, are frivolous, or seek monetary relief from immune defendants. *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). Claims six through eleven should be dismissed with prejudice, as they fail to state a claim against any defendant. Each of these claims relates to a different defendant's role in the grievance procedure after Good filed a grievance against C/O Cerny for the false misconduct report. [*Id.*, PgID 16-24]. "[T]here is no inherent constitutional right to an effective prison grievance procedure," *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). Because Claims six through eleven allege only violations of prison procedure regarding Good's grievance, they fail to state a claim and should be dismissed *sua sponte* with prejudice.

### c. *Claims Twelve through Sixteen*

The remaining claims, twelve through sixteen, do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the prior claims. In claims twelve and fourteen, Good alleges various

5

defendants not cited in the previous claims committed acts of retaliation and covered them up because he filed seven grievances that were unrelated to the one at the center of claims one through five. [R. 1, PgID 24-38, PgID 46-50; R. 1-1, PgID 51-52]. Claim thirteen alleges further retaliation, including a transfer from St. Louis Correctional Facility to Alger Correctional Facility, for the same acts as in claim twelve. [R. 1, PgID 38-45]. In claim fifteen, Good contends that Alger Correctional Facility defendants attempted to deter Good from filing a grievance and then retaliated against him for doing so. [R. 1-1, PgID 52-57]. Finally, claim sixteen states that at all times, Good was prevented from purchasing, possessing, or using a personal computer, which infringed on his right of access to the courts. [*Id.*, PgID 57-67].

Claims twelve through sixteen are misjoined because they are wholly unrelated to PD 03.03.105, at issue in claim one, or C/O Cerny's misconduct report filed against Good, at issue in claims two through eleven. The claims against the misjoined parties should be dismissed, leaving as defendants Director Heyns, C/O Cerny, RUM Peet, Sergeant Levy, Hearing Investigator Scott, Grievance Coordinator Parsons and

Deputy Warden McCullick.[2]

## III.   CONCLUSION

For the preceding reasons, the Court **RECOMMENDS** that the

defendants' motion to sever [R. 40] be **GRANTED** as to claims twelve

through sixteen, and **DENIED** as to claims one through five. Furthermore,

the Court **RECOMMENDS** that claims six through eleven be dismissed *sua*

*sponte* with prejudice for failure to state a claim, leaving the defendants

remaining as Director Heyns, C/O Cerny, RUM Peet, Sergeant Levy

Hearing Investigator Scott, Grievance Coordinator Parsons, and Deputy

Warden McCullick.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 22, 2016

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

---

[2] The Court notes that there may be other grounds for dismissal of these claims or against these defendants that are not addressed by the current motion.

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 22, 2016.

s/Marlena Williams_____
MARLENA WILLIAMS
Case Manager