UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN JOSEPH GOOD,

    Plaintiff,

vs.                                                                                               Case No. 15-12064

DANIEL HEYNS, et al.,                                                         HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER**
**OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 49)**
**AND**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 46)**
**AND**
**GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO SEVER**
**(Doc. 40)**
**AND DISMISSING CLAIMS 6-11 WITH PREJUDICE**
**AND DISMISSING CLAIMS 12-16 WITHOUT PREJUDICE**

I.  Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff filed a complaint against twenty-one (21) defendants:  Former Michigan Department of Corrections (MDOC) Director Daniel Heyns, Grievance and Appeals Manager Richard Russell, St. Louis Correctional Facility (SLF) Warden Steve Rivard, SLF Deputy Wardens Kelly Barnett and Mark McCullick, SLF Grievance Coordinator Kathleen Parsons, SLF Classification Director Julius Mayfield, SLF Hearings Investigator Lori Scott; SLF Resident Unit Manager (RUM) Bradley Peet, SLF Assistant Resident Unit Supervisors (ARUS) Barbara Finch and Wendi Walworth, SLF Lieutenant (Lt.) Warren Rose, SLF Sergeant Jill Levy, SLF Corrections Officers (C/O) Michael Cerny and Ray

Sholtz, SLF Athletic Director Eric Smith, SLF Librarian Jeremy Bugbee, SLF Library Assistant Dujuna VanDeCasteele, Alger Correctional Facility (LMF) Warden Catherine Bauman, LMF Prison Counselor Jill Denman, and retired LMF RUM Tammy Lindemuth.

At all relevant times, Good was incarcerated at either the SLF or the Alger Correctional Facility.

Plaintiff asserts sixteen (16) different claims. The matter has been referred to a magistrate judge for pretrial proceedings. (Doc. 6). Defendants filed a motion to sever and dismiss all claims but claim 1 on the grounds of misjoinder of parties and claims. (Doc. 40). The magistrate judge issued a report and recommendation (MJRR), recommending that the motion be granted in part and denied in part. (Doc. 46). The MJRR recommends:

- Claims 1-5 remain as properly joined
- Claims 6-11 should be dismissed sua sponte with prejudice for failure to state a claim
- Claims 12-16 should be dismissed without prejudice for improper joinder

Before the Court are plaintiff's objections to the MJRR (Doc. 49). For the reasons that follow, the objections will be overruled, the MJRR will be adopted, defendants' motion will be granted in part and denied in part. The case will continue on claims 1-5.

## II. Background

Plaintiff's 16 claims are generally described as follows:

- Claim 1 - Plaintiff alleges that CFA Director Heyns instituted a policy directive which allows staff to change the allegations of Class II misconduct violations after a prisoner has raised a defense. (Doc. 1 at ¶¶27-32).

2

- Claim 2 - While incarcerated at SLF, C/O Cerny issued him a false misconduct report in an attempt to deter Plaintiff from filing a grievance. (Doc. at ¶¶33-47).

- Claim 3 - While incarcerated at SLF, RUM "Peet was predisposed to make a guilty finding of guilt on the false misconduct written by Defendant Cerny", refused to interview most of his witnesses and allowed C/O Cerny to change the location of where the misconduct took place.  Plaintiff also alleges that Hearing Investigator Scott refused to conduct an investigation on his behalf. (Doc. at ¶¶48-64).

- Claim 4 - While incarcerated at SLF, Grievance Coordinator Parsons and Hearings Investigator Scott, acting in concert, suppressed evidence pertaining to a misconduct violation when they claimed that two institutional passes were forged. Plaintiff alleges that this denied him a fair hearing on appeal. (Doc. at ¶¶65-77).

- Claim 5 - SLF Deputy Warden McCullick, in deciding his appeal of the misconduct violation, failed to correct the errors that were committed in the original hearing. (Doc. at ¶¶78-84).

- Claim 6 - SLF Grievance Coordinator Parsons improperly assigned Sgt. Levy to investigate grievance SLF-13-07-0820-17a, since Sgt. Levy was a witness to the events grieved. (Doc. at ¶¶85-97).

- Claim 7 - SLF Warden Rivard did not correct the grievance errors which occurred at Step I in grievance SLF-13-07-0820-17a, when Plaintiff filed his Step II grievance appeal.  (Doc. at ¶¶98-99).

- Claim 8 - CFA Grievance and Appeals Manager Russell did not correct the grievance errors which occurred at Step I in grievance SLF-13-07-0820-17a, when Plaintiff filed his Step III grievance appeal. (Doc. at ¶¶100-103).

- Claim 9 - SLF Lt. Rose was improperly assigned to investigate grievance SLF-13-08-1056-11e, since Lt. Rose was a witness to the events grieved. (D/E #1 at ¶¶104-118).

- Claim 10 - SLF Warden Rivard did not correct the grievance errors which occurred at Step I in grievance SLF- 13-08-1056-11e, when Plaintiff filed his Step II grievance appeal. (Doc. at ¶¶119-123).

- Claim 11 - CFA Grievance and Appeals Manager Russell did not correct the grievance errors which occurred at Steps I & II in grievance SLF-13-08-1056-11e, when Plaintiff filed his Step III grievance appeal. (Doc. at ¶¶124-129).

3

- Claim 12 - SLF Classification Director Mayfield, ARUS Walworth and Librarian Bugbee retaliated against him and that Deputy Warden Barnett and ARUS Finch

conspired to cover up those acts. (Doc. 1 at ¶¶130-131).  Plaintiff alleges that ARUS Walworth wrote biased and unsubstantiated responses to his grievances, and then with Deputy Warden Barnett, instructed C/O Ott to search Plaintiff's cell and read his legal materials. (Doc. 1 at ¶¶132-138). Next Plaintiff alleges that Librarian Bugbee and Classification Director Mayfield conspired to terminate him from his legal writer position after finding another prisoner's legal work in his personal possession. (Doc. 1 at ¶¶139-145).  Finally, on October 11, 2013, ARUS Finch authored a grievance
response which was confusing to Plaintiff. (Doc. 1 at ¶150).

- Claim 13 - SLF Warden Rivard and ARUS Walworth further retaliated against Plaintiff by intentionally departing his true security level from II to IV on his
security classification review form.  (Doc. 1 at ¶¶197-229).

- Claim 14 - SLF Warden Rivard, Deputy Warden Barnett, Athletic Director Smith and C/O Sholtz conspired to cover-up the retaliatory acts of Classification Director Mayfield, Librarian Bugbee and Library Assistant VanDeCasteele. (Doc. 1 & 1-1 at ¶¶230-255).

- Claim 15 - LMF RUM Lindemuth, on two occasions, attempted to deter Plaintiff from filing non-frivolous grievances.  Plaintiff also alleges that Counselor Denman aided and/or encouraged RUM Lindemuth to retaliate against Plaintiff. (Doc.1 -1 at
¶¶256-280).

- Claim 16 - Director Heyns, LMF Warden Bauman, SLF Warden Rivard, Ionia Correctional Facility (ICF) Warden Smith and Earnest C. Brooks Correctional Facility Warden Berghuis denied him access to the courts when they prohibited him possession of a personal computer. (Doc. 1-1 at ¶¶281-329).

The claims, in general, fall into the following four (4) categories:

- Claims 1-5  – regarding the filing of false misconduct charges by defenedants

- Claims 6-11 – regarding the grievance procedure

- Claims 12-15 – regarding acts of retaliation for filing grievances

- Claim 16  – regarding access to courts

III.  Legal Standard

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991).

IV.  Analysis

Plaintiff filed six (6) objections.  They are addressed in turn below.

In his first objection, plaintiff says that magistrate judge is biased against him and should be disqualified.  This argument lack merit.  Contrary to plaintiff's assertions, the magistrate judge has carefully considered plaintiff's arguments and there is no indication of basis or prejudice against plaintiff.  To the extent plaintiff complains that the magistrate judge granted defendants an extension to file a responsive pleading, that argument was addressed and rejected in a prior appeal from the magistrate judge.  See Doc. 45.

In his second objection, plaintiff says the magistrate judge failed to consider his argument of supplemental jurisdiction in relation to recommending that claims 6-11 be dismissed. This argument misses the mark. Supplemental jurisdiction applies where state law claims are joined in a federal case because the claims are sufficiently related. Supplemental jurisdiction has nothing to do with the basis for dismissing claims 6-11.

The magistrate judge recommends claims 6-11 be dismissed because they are based on alleged deficiencies in the grievance process which cannot form the basis of a viable claim under § 1983.[1] The magistrate judge is correct. A prisoner does not have a constitutionally protected liberty interest in an inmate grievance procedure. See e.g., Keenan v. Marker, 23 Fed.Appx. 405, 407 (6th Cir.2005) (There is no inherent constitutional right to an effective prison grievance procedure.). Moreover, failure to reply to prison grievances is not sufficient to state a § 1983 claim. Lee v. Mich. Parole Bd., 104 Fed.Appx. 490, 493 (6th Cir.2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); McGee v. Grant, 863 F.2d 883, 1988 WL 131414, *1 (6th Cir.1988) ("[I]nmate grievance procedures are not constitutionally required in state prison systems, therefore, any failure on the part of defendants to follow grievance procedures does not give rise to a § 1983 claim."); Butterworth v. Jones, 2007 WL 3256584, *2 (M.D.Tenn.2007) ("Although prisoners have a First Amendment right to file grievances, ... [they] cannot premise a § 1983 claim against [a

---

[1]The magistrate judge made this recommendation sua sponte. This was not improper. The Court is obligated under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to dismiss prisoner civil rights claims sua sponte when the asserted claims fail to state a viable claim. See In re Prison Litg. Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997).

prison official] based on allegations that the grievance procedure produced an inadequate and/unresponsive result because there is no inherent constitutional right to a grievance procedure in the first place.").

Claims 6-11 allege violations of prison procedure. Based upon the above authorities, plaintiff's allegations cannot form the basis of a claim under § 1983. As such, the magistrate judge did not err in recommending they be dismissed.

In his third objection, plaintiff says that the magistrate judge erred in concluding that claim 16 be dismissed for misjoinder because it is related to claim 1. While claim 1 and claim 16 name Heyns, the allegations underlying the claims are wholly different. This objection therefore lacks merit.

In his fourth objection, plaintiff says that the magistrate judge failed to consider his arguments in favor of joinder of all of the claims. Plaintiff seems to say that because his claims involve, in some instances, the same defendant, that the claims can be brought together. The test for joinder, however, is not directed at a party. Rather, the test is directed at the allegations which form the basis for the claims. The claims, not the parties, must be related. Thus, this objection does not carry the day.

In his fifth objection, plaintiff says he was denied due process because the magistrate judge recommended his claims be severed. This objection is not well-taken. The fact that a claim is severed and dismissed without prejudice does not amount to a denial of due process. Rather, it simply means that the severed claim or claims must be brought in a separate action.

In his sixth and final objection, plaintiff says that defendants are judicially estopped from severance. Plaintiff says defendants sought and obtained an extension

of time to file a response to the complaint but instead filed a motion to sever. This objection also fails. Defendants were given an extension of time to file a response which they did in the form of a motion to sever. Rule 21 provides that "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Thus, defendants' motion was not improperly filed.

V.  Conclusion

For the reasons stated above, plaintiff's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court. Defendants' motion to sever is GRANTED IN PART AND DENIED IN PART.

- Claims 6-11 are DISMISSED WITH PREJUDICE for failure to state a claim.
- Claims 12-16 are DISMISSED WITHOUT PREJUDICE for improper joinder. will
- The case continues on Claims 1-5 against the following defendants:

    Director Heyns
    C/O Cerny
    RUM Peet
    Sergeant Levy
    Hearing Investigator Scott
    Grievance Coordinator Parsons
    Deputy Warden McCullick

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 31, 2016
    Detroit, Michigan